THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

FILED

Jun 22 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM KOO ICHIOKA, <br><br> Defendant. | CASE NO.  3:23-cr-00190 VC <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 1343 – Wire Fraud; <br> 26 U.S.C. § 7206(2) – Aiding or Assisting in the Preparation of a False or Fraudulent Tax Return; <br> 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5 – Fraud in Connection with Purchase and Sale of Securities; <br> 18 U.S.C. § 1348 – Commodities Fraud; <br> 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegations <br><br> SAN FRANCISCO VENUE |

INFORMATION

The Attorney for the United States charges:

<u>Introductory Allegations</u>

At all times relevant to this Information:

1.  Beginning in or about 2011, William Koo ICHIOKA resided in San Francisco, California, attending the University of San Francisco and graduating in May 2015 with a degree in business administration.

2.  In or about 2016, ICHIOKA began working as an agent for a financial services company

INFORMATION                                1

in San Francisco, a role involving the sales of life insurance. Beginning in or about the same year, ICHIOKA also separately began to solicit and accept funds from prospective investors as an individual. ICHIOKA identified himself as a self-employed investor and financial advisor that had been investing in stocks, real estate, start-ups and that he was already a multimillionaire at the age of 23, according to a May 12, 2016 article from the student newspaper of University of San Francisco entitled *Alumnus Gives Current USF Students Financial Advice*.

3. ICHIOKA resided in the Northern District of California through and until in or about 2020, when he moved to and resided in New York, New York.

4. Numerous of ICHIOKA's investors resided in the Northern District of California, such as Investor-1, Investor-2, and Investor-3 in or around San Francisco, California.

The Scheme and Artifice to Defraud

As part of the scheme to defraud:

5. Beginning no later than in or about 2018, through at least in or about May 2022, ICHIOKA operated a scheme to defraud in which he fraudulently raised tens of millions of dollars from over 100 persons and entities, including residents of the Northern District of California.

6. As a part of the scheme to defraud, ICHIOKA falsely represented to prospective investors that he would invest their money in various securities and/or commodities, including digital assets such as cryptocurrencies, to induce their investments. In truth and in fact, and as ICHIOKA well knew, ICHIOKA did not invest significant portions of the investor funds entrusted to him. Instead of using investors' funds as promised, ICHIOKA commingled investor money with his own funds and embezzled investor money to fund his own personal expenses (such as rent for his personal residence, restaurants and bars, grocery stores, taxi or car share rides, retail stores, gym membership fees, and online purchases, among other things) and to make purchases of luxury items (such as watches and other jewelry, and luxury vehicles).

7. As a further part of the scheme to defraud, ICHIOKA falsely represented to prospective investors that their investments would earn 10% returns every 30 business days (or approximately 42 calendar days) to induce their investments, and that ICHIOKA's investment and trading activities had actually been generating and/or had the ability to generate returns in excess of these amounts.

8.     As a further part of the scheme to defraud, in or about 2019, ICHIOKA began doing business under the name "Ichioka Ventures," creating various business entities including ICHIOKA VENTURES LLC, a Delaware limited liability company formed on or about August 21, 2019. That year, ICHIOKA also created a website for Ichioka Ventures at "www.ichiokaventures.com" available for prospective and current investors which stated, among other things:

    a.     "Ichioka Ventures was founded by William Ichioka, a self-made investor … who has already amassed a multimillion-dollar fortune."

    b.     Ichioka "seeks to deliver a consistent enhanced total return through his ability to identify and execute immediately on global market opportunities."

    c.     "Ichioka Ventures is a direct extension of William's vision and strategy for maximizing growth. The fund provides accessibility and exposure to his personal avenues of capital generation."

    d.     "The investment term is 30 business days with a 10% return."

    e.     "Principal and profits are distributed directly to account balance and can easily be withdrawn or reinvested."

9.     The Ichioka Ventures website further allowed investors to create and login to accounts to "Invest," "Re Invest/Withdraw", view balances ("TOTAL BALANCE", "TOTAL INVESTMENT", and "TOTAL PROFIT"), view "Active Investment," view "Transaction History," among other things. ICHIOKA solicited investors to invest using the Ichioka Ventures website with these and other misrepresentations, including promises that their funds would be invested in various securities and/or commodities, including cryptocurrency, and cryptocurrency arbitrage, futures, and derivatives, and foreign exchange currency transactions ("forex").

10.    As a further part of the scheme to defraud, in certain circumstances ICHIOKA presented investment contracts, including styled as a "Promissory Note," in which investors agreed to entrust funds to him and/or Ichioka Ventures. These contracts constituted securities under the provisions of Title 15, United States Code, Section 78j(b) and Title 17, Code of Federal Regulations, Section 240.10b-5.

11.    In truth and in fact, and as ICHIOKA well knew, ICHIOKA and Ichioka Ventures did not

actually earn 10% returns every 30 business days for its investors. Rather, he and Ichioka Ventures sustained losses from portions of funds that he did invest. For instance, ICHIOKA privately acknowledged at the end of 2019—unbeknownst to investors—that the "[c]ompany hasn't made any money since we started." ICHIOKA never told investors this fact.

12. ICHIOKA also concealed and hid, and caused to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme, including to further perpetuate the scheme. These concealments included, but were not limited to:

    a. ICHIOKA doctored, and/or caused to be doctored, financial documents to falsely overstate the value of assets, including bank, brokerage, and cryptocurrency exchange materials. For example, in or about November 2019, ICHIOKA falsified a purported "proof of funds" letter and screenshot indicating the value of his holdings with the cryptocurrency exchange Kraken to be approximately 1200 Bitcoin (BTC) (valued at approximately $10.8 million) and a balance of $500,000 U.S. dollars, when in fact ICHIOKA's holdings with that exchange did not exceed approximately 18 BTC (valued at approximately $150,000) and/or a balance of approximately $100,000 U.S. dollars.

    b. ICHIOKA provided doctored documents showing falsely overstated values of assets to prospective investors, including Investor-1 and Investor-3. For example, on or about October 11, 2019, ICHIOKA emailed a falsified Bank of America statement for account ending -3360 to Investor-1 showing a purported balance of approximately $1.5 million (when in fact the account's balance during this time did not exceed $200,000). As an additional example, on or about February 12, 2020, ICHIOKA provided a doctored Kraken screenshot via text messaging prior to receiving Investor-3's investment funds.

    c. ICHIOKA presented fabricated statements of account to investors, including via investor account updates on the Ichioka Ventures website, divorced from the actual performance or value of invested funds with ICHIOKA. ICHIOKA later acknowledged in November 2021 that, unbeknownst to investors, the website was merely "cosmetic."

    d. ICHIOKA fabricated, and/or caused to be fabricated, one or more "fake documents" for investors with Ichioka Ventures showing a falsely overstated "proof of

funds" with Ichioka Ventures, including in or about January 2020.

  e. ICHIOKA repaid existing investors' principal amounts and/or purported gains ("profits") using new investor funds.

  f. ICHIOKA failed to provide any tax documentation to investors (that would reflect, for example, any capital gains or interest income).

  g. ICHIOKA willfully failed to report to the Internal Revenue Service income ICHIOKA received from embezzling investor funds. For example, in tax years 2018 and 2019 the total loss from his unreported income during those years was greater than $40,000.

13. ICHIOKA transmitted and/or caused to be transmitted in interstate and foreign commerce numerous wire communications for the purpose of executing the scheme to defraud, including but not limited to the following wires:

  a. $200,000 wire transfer on or about August 2, 2018, from Investor-1 via Fedwire Funds Transfer System to ICHIOKA's J.P. Morgan Chase ("JPMC") personal checking account ending in -2053, funds that ICHIOKA misdirected for personal expenses (including the purchase of a luxury vehicle, payment of rent, and credit card payments);

  b. $150,000 wire transfer on or about June 12, 2019, from Investor-2 via Fedwire Funds Transfer System to ICHIOKA's JPMC personal checking account ending in -2053, funds that ICHIOKA misdirected for personal expenses (including jewelry and credit card payments) and repayment of other investors;

  c. $200,000 wire transfer on or about February 13, 2020, from Investor-3 via Fedwire Funds Transfer System to ICHIOKA's Ichioka Ventures Bank of America account ending in -7517, following ICHIOKA's transmittal of doctored financial documents overstating the value of ICHIOKA and/or Ichioka Ventures' holdings.

//
//
//
//

COUNT ONE:        (18 U.S.C. § 1343 – Wire Fraud)

14.     Paragraphs 1 through 13 of this Information are re-alleged and incorporated by reference.

15.     Beginning in or about 2018 and continuing through at least on or about May 2022, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

WILLIAM KOO ICHIOKA,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts and omission of material facts with a duty to disclose.

Execution of the Scheme

16.     On or about the date set forth in the count below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant,

WILLIAM KOO ICHIOKA,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically:

| Count | Date | Wiring |
|---|---|---|
| 1 | 8/2/2018 | $200,000 wire transfer from Investor-1 via Fedwire Funds Transfer System to ICHIOKA's JPMC personal checking account with account number ending in -2053 |

All in violation of Title 18, United States Code, Section 1343.

COUNT TWO:        (26 U.S.C. § 7206(2) – Aiding or Assisting in the Preparation of a False or Fraudulent Tax Return)

17.     Paragraphs 1 through 13 of this Information are re-alleged and incorporated by reference.

18.     In or about November 2021, in the Northern District of California and elsewhere, the defendant,

WILLIAM KOO ICHIOKA,

INFORMATION                                                     6

did willfully aid and assist in the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of ICHIOKA for the calendar year 2018. The return was false and fraudulent as to a material matter, in that it represented that ICHIOKA's total income was - $3,000 (negative three thousand dollars), whereas, as ICHIOKA then and there knew, his total income was greater than - $3,000.

In violation of Title 26, United States Code, Section 7206(2).

COUNT THREE:   (26 U.S.C. § 7206(2) – Aiding or Assisting in the Preparation of a False or Fraudulent Tax Return)

19. Paragraphs 1 through 13 of this Information are re-alleged and incorporated by reference.

20. In or about November 2021, in the Northern District of California and elsewhere, the defendant,

WILLIAM KOO ICHIOKA,

did willfully aid and assist in the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of ICHIOKA for the calendar year 2019. The return was false and fraudulent as to a material matter, in that it represented that ICHIOKA's total income was - $3,000 (negative three thousand dollars), whereas, as ICHIOKA then and there knew, his total income was greater than - $3,000.

In violation of Title 26, United States Code, Section 7206(2).

COUNT FOUR:   (15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5 – Fraud in Connection with Purchase and Sale of Securities)

21. Paragraphs 1 through 13 of this Information are re-alleged and incorporated by reference.

22. Beginning no later than in or about June 2019, and continuing through in or about May 2022, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

WILLIAM KOO ICHIOKA,

did willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities of Ichioka Ventures, by (a) employing devices,

schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, specifically, the use of the above devices, schemes, and artifices to defraud, false statements and omissions of material facts, and acts of fraud and deceit.

All in violation of Title 15 United States Code, Sections 78j(b) and 78ff; and 17 Code of Federal Regulations, Section 240.10b-5.

COUNT FIVE:    (18 U.S.C. § 1348 – Commodities Fraud)

23. Paragraphs 1 through 13 of this Information are re-alleged and incorporated by reference.

24. Beginning no later than in or about June 2019, and continuing through in or about May 2022, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

WILLIAM KOO ICHIOKA,

did knowingly and intentionally execute, and attempted to execute, (a) a scheme and artifice to defraud persons in connection with a commodity for future delivery, specifically, cryptocurrency and other digital assets such as Bitcoin, and (b) obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by statements containing material omissions, money and property, in connection with the purchase and sale of a commodity for future delivery, specifically, cryptocurrency and other digital assets such as Bitcoin.

All in violation of Title 18, United States Code, Section 1348.

FORFEITURE ALLEGATION:    (18 U.S.C. §§ 981(a)(1) and 28 U.S.C. § 2461(c))

25. The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1) and and Title 28, United States Code, Section 2461(c).

26. Upon conviction for any of the offenses set forth in Counts One, Four, or Five of this

Information, the defendant,

WILLIAM KOO ICHIOKA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to a forfeiture money judgment and/or the following:

    a.    all jewelry seized from 101 Warren Street, New York, New York 10007 on or about November 9, 2021, including but not limited to:

        i.    One white band Jacob & co. watch,

        ii.    One Rolex watch with black & blue bezel,

        iii.    One red band Patek Philippe watch,

        iv.    One black band Richard Mille watch,

        v.    One red band Richard Mille watch,

        vi.    One Rolex watch with blue and red bezel,

        vii.    One Rolex watch, submarine green,

        viii.    One clear stone tennis bracelet,

        ix.    One Rolex Yacht-Master watch,

        x.    One Rolex watch with brown and yellow bezel,

        xi.    One Rolex watch Sky-Dweller,

        xii.    One White Richard Mille watch,

        xiii.    One diamond-type finished Jacob & Co. watch with 5 extra links,

        xiv.    One Rolex watch, Oyster Perpetual,

        xv.    One blue band Richard Mille watch,

        xvi.    One Rolex watch with gold-colored band,

        xvii.    One Patele Philippe watch with blue bezel,

        xviii.    One Rolex Submariner,

        xix.    One Patele Philippe watch with diamond-like finish,

        xx.    One Rolex watch with green bezel,

|   |   |   |
|---|---|---|
| | xxi. | One Rolex Milgauss watch, |
| | xxii. | One Rolex Daytona watch, |

b. any and all digital assets located in wallet(s) associated with ICHIOKA and/or Ichioka Ventures, including virtual currencies and cryptocurrencies located in wallets associated with Binance account(s) 38893886 and/or associated with email address mbichiokaventures@gmail.com.

27. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: June 22, 2023

THOMAS A. COLTHURST
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

_____/s/_____
ERIC CHENG
BENJAMIN KINGSLEY
Assistant United States Attorneys